1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                          **DISTRICT OF NEVADA**
8
9   AVRAM VINETO NIKA,                    )
                                          )
10         Petitioner,                    )        3:09-cv-0178-JCM-RAM
                                          )
11  vs.                                   )
                                          )        **ORDER**
12  E.K. McDANIEL, *et al.*,              )
                                          )
13         Respondents.                   )
                                          )
14  _____/

15

16         In this capital habeas corpus action, there is, before the court, a motion for stay and

17  abeyance (docket #42) filed by the petitioner.  Also before the court is respondents' motion to

18  dismiss (docket #41).  Briefing on the motion to dismiss has been suspended pending the resolution

19  of the motion for stay and abeyance.

20         This habeas corpus action is brought pursuant to 28 U.S.C. § 2254, by Avram Vineto Nika,

21  a Nevada prisoner sentenced to death.  Nika's conviction and death sentence result from the

22  August 26, 1994, murder of Edward Smith near a highway about 20 miles east of Reno.  Smith

23  apparently stopped to help Nika, who was stranded with a broken down car; Smith was killed by a

24  gunshot to the forehead, and his car was stolen.

25         Following his conviction, Nika unsuccessfully appealed to the Nevada Supreme Court. The

26  Nevada Supreme Court's opinion on Nika's direct appeal is published as *Nika v. State,* 113 Nev.

1424, 951 P.2d 1047 (1997).  Nika then unsuccessfully pursued a state-court habeas corpus petition. *See Nika v. State*, 124 Nev. ----, 198 P.3d 839 (2008).

Nika initiated this federal habeas corpus action on April 7, 2009, and counsel was appointed. On March 1, 2010, Nika filed an amended petition for writ of habeas corpus (docket #18).  On April 30, 2010, respondents filed their motion to dismiss (docket #41).  On May 28, 2010, Nika filed his motion for stay and abeyance (docket #42).  In that motion, Nika argues that the court should stay this case pending his exhaustion of claims in state court.

On April 20, 2010, Nika filed, in state court, a petition for a writ of habeas corpus.  *See* Motion for Stay and Abeyance, p. 2.  Nika requests that this federal case be stayed pending the conclusion of the state-court habeas litigation.

A federal court may not grant habeas corpus relief on a claim not exhausted in state court.  28 U.S.C. § 2254(b).  The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations.  *See Picard v. Conner*, 404 U.S. 270, 275 (1971).  To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

Nika and the respondents agree that the amended petition in this action is a mixed petition – meaning that it contains both exhausted and unexhausted claims.  *See* Motion for Stay and Abeyance, p. 2; Opposition to Motion for Stay and Abeyance, p. 3; *see also* Motion to Dismiss (docket #41).

If Nika's mixed amended petition is dismissed without prejudice, he may face limitations issues when he attempts to file a new federal petition after exhausting his claims in state court; this is because of the well-settled rule that the pendency of a federal habeas petition does not result in statutory tolling of the applicable one-year limitations period.  *See* 28 U.S.C. § 2244(d) (one year

1  limitations period); *Duncan v. Walker*, 533 U.S. 167 (2001) (pendency of federal habeas petition

2  does not toll limitations period); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (regarding

3  "protective petitions").  If this case were simply dismissed at this point, then the statute of limitations

4  might bar petitioner from filing a new federal habeas petition.

5         In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the

6  discretion of the federal district courts to impose stays to facilitate habeas petitioners' exhaustion of

7  claims in state court.  The *Rhines* Court stated:

8        [S]tay and abeyance should be available only in limited circumstances.  Because
   granting a stay effectively excuses a petitioner's failure to present his claims first to
9        the state courts, stay and abeyance is only appropriate when the district court
   determines there was good cause for the petitioner's failure to exhaust his claims first
10       in state court. Moreover, even if a petitioner had good cause for that failure, the
   district court would abuse its discretion if it were to grant him a stay when his
11       unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application
   for a writ of habeas corpus may be denied on the merits, notwithstanding the failure
12       of the applicant to exhaust the remedies available in the courts of the State").

13                            *   *   *

14       [I]t likely would be an abuse of discretion for a district court to deny a stay and to
   dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his
15       unexhausted claims are potentially meritorious, and there is no indication that the
   petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances,
16       the district court should stay, rather than dismiss, the mixed petition.

17 *Rhines*, 544 U.S. at 277-78.

18        Nika argues that he can show good cause for not previously exhausting his claim of

19 ineffective assistance of trial counsel in state court (Ground 1 of the amended petition) because of

20 ineffective assistance of his former state-court post-conviction counsel.  *See* Motion for Stay and

21 Abeyance, pp. 5-10.  Further, Nika argues that he can show good cause for not previously exhausting

22 his claim that the prosecution failed to disclose material evidence, (Ground 4 of the amended

23 petition) because the State failed to disclose the evidence and because of his recent discovery of

24 certain of the evidence.  *Id.* at pp. 10-12.

25        The respondents "do not contest Nika's ability to show 'good cause' and 'potential merit'

26 sufficient to justify an order from this court to allow him to exhaust previously unpresented claims."

1    Opposition to Motion for Stay and Abeyance, p. 2.   In fact, the respondents "do not oppose Nika's

2    request for a stay and abeyance...." *Id*. at 6.

3    　　　However, respondents "do oppose a stay to allow Nika to needlessly re-litigate previously

4    resolved claims." *Id*.. Respondents argue that "Nika cannot show 'good cause' nor 'potential merit'

5    to justify his re-assertion in the Nevada state courts of previously exhausted claims that are

6    *res judicata*." *Id*. at 2.  Respondents "request this Court to issue its decision determining which

7    claims are exhausted and which claims are unexhausted, and then condition any stay and abeyance

8    upon Nika limiting the issues presented to the Nevada state courts to the previously unpresented

9    federal claims contained in his amended federal petition." *Id*. at 6.

10   　　　*Rhines* does not state, or even suggest, that the court should conduct a claim by claim

11   analysis of the entire federal petition to determine which claims qualify for a stay and which do not.

12   The efficient approach is for the court to address the petitioner's motion for stay and abeyance to

13   determine if a stay is warranted with respect to any claim.  If a stay is warranted with respect to any

14   claim, the case should be stayed pending the conclusion of the state-court proceedings, and the court

15   need not conduct a claim-by-claim analysis regarding the remaining claims.  Here, respondents

16   concede that a stay is warranted.  The court need not expend time and resources to determine which

17   of Nika's claims meet the *Rhines* standard and which do not.

18   　　　Furthermore, as a matter of comity, it is not for this court to determine which claims may,

19   and which claims may not, be asserted in Nika's state-court habeas action.  That is for the state

20   courts to determine.  This court will not interfere with the state courts' jurisdiction, and this court

21   will not presume to control the joinder of claims in an action before the state courts.

22   　　　There is no indication in the record that Nika has engaged in intentionally dilatory litigation

23   tactics.

24   　　　The court will, therefore, grant Nika's motion for stay and abeyance, and stay this action.

25   The court will not place any limitation on the claims Nika may present in the state-court litigation.

26   　　　The court's intention is that this will be the last time that the court imposes a stay to facilitate

1   Nika's exhaustion of claims in state court.  Nika must exhaust *all* of his unexhausted claims in state

2   court during the stay of this action imposed pursuant to this order.

3         **IT IS THEREFORE ORDERED** that petitioner's Motion for Stay and Abeyance

4   (docket #42) is **GRANTED**.  This action is **STAYED** to allow petitioner to exhaust, in state court,

5   all his unexhausted claims for habeas corpus relief.

6         **IT IS FURTHER ORDERED** that respondents' Motion to Dismiss (docket #41) is

7   **DENIED** as moot.

8         **IT IS FURTHER ORDERED** that, on or before **December 15, 2010**, petitioner shall file

9   and serve a status report, describing the status of his state-court proceedings.  Thereafter, during

10  the stay of this action, petitioner shall file such a status report every 6 months (on or before

11  June 15, 2011; December 15, 2011; June 15, 2012; etc.).  Respondents may, if necessary,

12  file and serve a response to any such status report within 15 days after its service.  If necessary,

13  petitioner may reply within 15 days of service of the response.

14         **IT IS FURTHER ORDERED** that following the conclusion of petitioner's state court

15  proceedings, petitioner shall, within **30 days**, make a motion to lift the stay.

16         **IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a motion by

17  respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to

18  proceed with diligence during the stay imposed pursuant to this order.

19         **IT IS FURTHER ORDERED** that, absent extraordinary circumstances, this will be the final

20  opportunity that this court provides to petitioner to return to state court to exhaust claims for habeas

21  corpus relief.

22

23         Dated this 27th day of August, 2010.

24

25                              _____

26                              UNITED STATES DISTRICT JUDGE