**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AVRAM VINETO NIKA, | ) |
| Petitioner, | ) 3:09-cv-00178-JCM-WGC |
| vs. | ) |
| | ) **ORDER** |
| RENEE BAKER, *et al.*, | ) |
| Respondents. | ) |

This capital habeas corpus action has been stayed since August 27, 2010, pending completion of state-court proceedings. *See* Order entered August 27, 2010 (ECF No. 47).

On May 29, 2015, the petitioner, Avram Vineto Nika, filed a Motion to Vacate Stay and Reopen Federal Habeas Corpus Proceedings (ECF No. 62), informing the court that his state court proceedings have concluded, and requesting that the stay of this action be lifted. On June 1, 2015, respondents filed a notice of non-opposition to that motion (ECF No. 66). Good cause appearing, the court will grant Nika's motion to vacate the stay, and order the stay of this case lifted.

The court will set a schedule for further litigation of this action. That schedule will include a deadline for Nika to file a second amended petition, if necessary, provisions regarding the timing of respondents' response to Nika's petition, and provisions governing the timing of any motion for leave to conduct discovery, or motion for evidentiary hearing, to be filed by Nika.

On May 29, 2015, Nika also filed a Motion to Stay Setting of Execution Date (ECF No. 63). In that motion, Nika notifies the court that a hearing has been set in state court for July 1, 2015, for the purpose of setting a date for Nika's execution pursuant to his death sentence. *See* Motion to Stay Setting of Execution Date, p. 2. Nika requests that this court "enter an order staying the setting of an execution date for Mr. Nika pending resolution of the instant federal proceedings." *Id*. at 5. On June 1, 2015, respondents filed a notice of non-opposition to that motion (ECF No. 67).

Congress has granted federal courts "before whom a habeas corpus proceeding is pending" authority to stay any proceeding "for any matter involved in the habeas corpus proceeding":

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C. § 2251(a)(1); *see also Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) ("[I]f the district court cannot dismiss the petition on the merits before the scheduled execution, it is obligated to address the merits and must issue a stay to prevent the case from becoming moot."). Therefore, to prevent Nika's federal habeas corpus petition from becoming moot on account of his execution before it is finally resolved, and good cause appearing, the court will grant Nika's motion for an order staying the setting of his execution date.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Vacate Stay and Reopen Federal Habeas Corpus Proceedings (ECF No. 62) is **GRANTED**. The stay of this action is lifted. The clerk of the court shall update the docket for this case accordingly.

**IT IS FURTHER ORDERED** that the following schedule shall govern further litigation of this action:

1. **Second Amended Petition**. If necessary, petitioner shall file and serve a second amended petition for writ of habeas corpus within **45 days** after entry of this order. The second amended petition shall specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the second amended petition shall state

how, when, and where that occurred.  If petitioner determines that a second amended petition need not be filed, then, within 45 days after entry of this order, petitioner shall file and serve a statement to that effect.

    2. **Response to Petition**.  Respondents shall have **60 days** following service of the second amended petition to file and serve an answer or other response to the second amended petition.  If petitioner does not file a second amended petition, respondents shall have **60 days** following the due-date for the second amended petition to file and serve an answer or other response to petitioner's first amended petition.

    3. **Reply and Response to Reply**.  Petitioner shall have **45 days** following service of an answer to file and serve a reply.  Respondents shall thereafter have **30 days** following service of a reply to file and serve a response to the reply.

    4. **Briefing of Motion to Dismiss**.  If respondents file a motion to dismiss, petitioner shall have **60 days** following service of the motion to file and serve a response to the motion.  Respondents shall thereafter have **30 days** following service of the response to file and serve a reply.

    5. **Discovery**.  If petitioner wishes to move for leave to conduct discovery, petitioner shall file and serve such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer.  Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis.  Respondents shall file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply.  Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for leave to conduct discovery.

    6. **Evidentiary Hearing**.  If petitioner wishes to request an evidentiary hearing, petitioner shall file and serve a motion for an evidentiary hearing concurrently with, but separate from,  the response to respondents' motion to dismiss or the reply to respondents' answer.  Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature,

and may be denied, without prejudice, on that basis.  The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required, and must meet the requirements of 28 U.S.C. § 2254(e).  The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record.  If petitioner files a motion for an evidentiary hearing, respondents shall file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply.  Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for an evidentiary hearing.

**IT IS FURTHER ORDERED** that petitioner's Motion to Stay Setting of Execution Date (ECF No. 63) is **GRANTED**.  The setting of an execution date for Avram Vineto Nika, the petitioner in this federal habeas corpus action, is stayed, pending the final resolution of this action.

Dated June 18, 2015.

_____
UNITED STATES DISTRICT JUDGE