**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AVRAM VINETO NIKA,

    Petitioner,

vs.

TIMOTHY FILSON, *et al.*,

    Respondents.

3:09-cv-00178-JCM-WGC

**ORDER**

Introduction

    This action is a petition for a writ of habeas corpus by Avram Vineto Nika, a Nevada prisoner sentenced to death. There are, before the court, a motion to dismiss filed by the respondents, and motions filed by Nika for leave to conduct discovery and for an evidentiary hearing. In this order, the court grants respondents' motion to dismiss in part and denies it in part, and denies Nika's motions for leave to conduct discovery and for an evidentiary hearing without prejudice.

Background Facts and Procedural History

    Nika's conviction and death sentence result from the murder of Edward Smith, on August 26, 1994, on the side of a highway about twenty miles east of Reno. Smith apparently stopped to help Nika, who was stranded with a broken down car; Smith was hit repeatedly on the head with a blunt object, and then killed by a gunshot to the forehead, and his car was stolen. (A statement of facts by the Nevada Supreme Court, based on the evidence at trial, can be found at

pages 1-13 of that court's December 30, 1997, opinion, which has been filed as Respondents' Exhibit 81 (ECF No. 111-5, pp. 2-14), and which is published as *Nika v. State*, 113 Nev. 1424, 951 P.2d 1047 (1997).)  (The exhibits referred to in this order as Respondents' Exhibits are found in the record at ECF Nos. 96-125.)

At the conclusion of a jury trial, on July 20, 1995, Nika was adjudged guilty of first degree murder with the use of a deadly weapon.  *See* Judgment of Conviction, Respondents' Exhibit 52 (ECF No. 109-2).  The jury found as an aggravating circumstance that the murder was committed at random and without apparent motive.  *See id*.  The jury found that there were no mitigating circumstances sufficient to outweigh the aggravating circumstance.  *See id*.  Nika was sentenced to death.  *See id*.

Nika appealed.  On August 23, 1995, the Nevada Supreme Court ordered that "the effectiveness of trial counsel should be reviewed on direct appeal," and referred the matter to the state district court for further proceedings in that regard.  *See* Order, Respondents' Exhibit 60 (ECF No. 109-9).  On November 7 and 8, 1996, the state district court held an evidentiary hearing regarding the question whether Nika had received effective assistance of trial counsel.  *See* Transcript of Proceedings, Respondents' Exhibits 76, 77 (ECF Nos. 110-1, 111-1).  The state district court ruled that Nika received effective assistance of counsel, and ordered the record of those proceedings transmitted to the Nevada Supreme Court.  *See* Transcript of Proceedings, Respondents' Exhibit 77, pp. 99-117 (ECF No. 111-1, pp. 100-18).  On December 30, 1997, the Nevada Supreme Court affirmed the judgment of conviction and sentence.  *See* Opinion, Respondents' Exhibit 81 (ECF No. 111-5), published as *Nika v. State*, 113 Nev. 1424, 951 P.2d 1047 (1997).  On that date, the Nevada Supreme Court also dismissed the appeal from the district court's ruling that Nika received effective assistance of his trial counsel.  *See* Order Dismissing Appeal, Respondents' Exhibit 82 (ECF No. 112-1).

On April 15, 1998, Nika filed a petition for writ of habeas corpus in the state district court. *See* Petition for Writ of Habeas Corpus, Respondents' Exhibit 86 (ECF No. 112-5).  Counsel was

appointed for Nika.  *See* Order Appointing Counsel, Respondents' Exhibit 88 (ECF No. 112-7). Nika filed a supplement to his petition on September 29, 2000.  *See* Supplement to Petition for Writ of Habeas Corpus, Respondents' Exhibit 99 (ECF No. 113-1).  The state district court dismissed all but one of Nika's claims, and, following an evidentiary hearing, denied post-conviction relief on the remaining claim.  *See* Order filed March 15, 2001, Respondents' Exhibit 107 (ECF No. 114-8); Transcript of Proceedings, Respondents' Exhibits 122, 123 (ECF Nos. 116-12, 117-1); Findings of Fact, Conclusions of Law and Judgment, Respondents' Exhibit 129 (ECF No. 117-7).

Nika appealed to the Nevada Supreme Court from the denial of his state-court habeas petition.  On September 16, 2004, the Nevada Supreme Court reversed and remanded the case to the state district court, with respect to the claims dismissed by the state district court.  *See* Opinion, Respondents' Exhibit 141 (ECF No. 118-9), published as *Nika v. State*, 120 Nev. 600, 97 P.3d 1140 (2004).  The Nevada Supreme Court ruled that the proceeding regarding issues of alleged ineffective assistance of counsel in conjunction with Nika's direct appeal had been an inadequate forum to determine those issues.  *See Nika*, 120 Nev. at 602, 97 P.3d at 1142.  The Nevada Supreme Court affirmed the state district court's denial of relief on the remaining claim, on which the state district court had denied relief on the merits of the claim.  *See id*., 120 Nev. at 607-11, 97 P.3d at 1145-48.

On remand, Nika filed a second supplemental habeas petition on June 23, 2005.  *See* Second Supplemental Petition for Writ of Habeas Corpus, Respondents' Exhibit 146 (ECF No. 119-1). On January 6, 2006, the state district court filed an order denying Nika relief on the remanded claims.  *See* Order Granting Motion to Dismiss, Respondents' Exhibit 150 (ECF No. 120-3).

Nika again appealed, and the Nevada Supreme Court affirmed on December 31, 2008. *See* Opinion, Respondents' Exhibit 165 (ECF No. 122-1), published as *Nika v. State*, 124 Nev. 1272, 198 P.3d 839 (2008).  Nika petitioned the United States Supreme Court for certiorari, and that petition was denied on October 13, 2009.  *See* Notice of Denial of Petition for Writ of Certiorari, Respondents' Exhibit 172 (ECF No. 122-8).

Nika initiated this federal habeas corpus action on April 7, 2009, and counsel was appointed (ECF Nos. 1, 11). Nika filed an amended habeas petition on March 1, 2010 (ECF No. 18).

On April 30, 2010, respondents filed a motion to dismiss (ECF No. 41), and, in response, on May 28, 2010, Nika filed a motion for stay (ECF No. 42). On August 27, 2010, the court granted Nika's motion for stay, and stayed this case pending Nika's further exhaustion of claims in state court; the court denied the motion to dismiss as moot (ECF No. 47).

On April 20, 2010, Nika filed a second state-court petition for a writ of habeas corpus. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Respondents' Exhibit 174 (ECF No. 123-1). On November 2, 2011, the state district court dismissed the petition. *See* Order, Respondents' Exhibit 190 (ECF No. 124-10). Nika appealed, and, on July 30, 2014, the Nevada Supreme Court affirmed. *See* Order of Affirmance, Respondents' Exhibit 196 (ECF No. 125-4). The Nevada Supreme Court denied Nika's petition for rehearing on October 23, 2014. *See* Order Denying Rehearing, Respondents' Exhibit 200 (ECF No. 125-8). Nika petitioned the United States Supreme Court for certiorari, and that petition was denied on April 27, 2015. *See* Notice of Denial of Petition for Writ of Certiorari, Respondents' Exhibit 204 (ECF No. 125-12).

On May 29, 2015, Nika moved to lift the stay of this case (ECF No. 62), and the court granted that motion, and lifted the stay, on June 18, 2015 (ECF No. 68). On August 3, 2015, with leave of court, the Republic of Serbia filed a brief, as *amicus curiae* in support of Nika (ECF Nos. 69, 72, 84). Also on August 3, 2015, Nika filed a second amended petition for writ of habeas corpus (ECF No. 73), which is now the operative petition in this case.

Respondents filed their motion to dismiss Nika's second amended petition on May 12, 2016 (ECF No. 95). In that motion, respondents contend that Grounds 1A, 1C, 1D, 1E, 1F3, 1F4, 1F5, 1H, 4B, 5 (in part), 6, 7A, 7C, 7E, 7F, 7G, 7H, 8, 9A, 9B, 9C, 10, 11, 12 and 13 of Nika's second amended habeas petition are barred by the procedural default doctrine; respondents also contend that Ground 6 is not cognizable in this federal habeas corpus action. Nika filed an opposition to the motion to dismiss on October 7, 2016 (ECF No. 132). On that date, Nika also filed a motion for

4

evidentiary hearing (ECF No. 133). On October 24, 2016, Nika filed a motion for leave to conduct discovery (ECF No. 137). On January 27, 2017, respondents filed a reply in support of their motion to dismiss (ECF No. 142), an opposition to the motion for evidentiary hearing (ECF No. 144), and an opposition to the motion for leave to conduct discovery (ECF No. 143). On March 3, 2017, Nika filed a reply in support of his motion for evidentiary hearing (ECF No. 148), and a reply in support of his motion for leave to conduct discovery (ECF No. 150).

Discussion

      Procedural Default - Legal Standards

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial

disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

In their motion to dismiss, respondents assert that Grounds 1A, 1C, 1D, 1E, 1F3, 1F4, 1F5, 1H, 4B, 5 (in part), 6, 7A, 7C, 7E, 7F, 7G, 7H, 9A, 9B, 9C, 10, 11, 12 and 13 of Nika's second amended habeas petition are barred by the procedural default doctrine.

<u>Adequacy of State Procedural Rules</u>

A state procedural rule is "adequate" to support application of the procedural default doctrine if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court* (*Bean*), 96 F.3d 1126, 1129 (9th Cir. 1996) (citation and internal quotation marks omitted); *see also Ford v. Georgia*, 498 U.S. 411, 424 (1991) (state procedural rule adequate if "firmly established and regularly followed by the time as of which it is to be applied" (citation and internal quotation marks omitted)); *Lambright v. Stewart*, 241 F.3d 1201, 1203 (9th Cir. 2001).

In *Bennett v. Mueller*, 322 F.3d 573 (9th Cir. 2003), the court of appeals established a burden-shifting test for analyzing the adequacy of a state procedural rule. Under *Bennett*, the State carries the initial burden of pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Bennett*, 322 F.3d at 586. The burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id*. If the petitioner meets this burden, "the ultimate burden" of proving the adequacy of the procedural rule rests with the State, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id.*; *see also King v. Lamarque*, 464 F.3d 963, 966-67 (9th Cir. 2006).

The state procedural rules applied by the state courts to bar Nika's claims in state court were NRS 34.726(1) (statute of limitations) and NRS 34.810 (successive petitions). Respondents assert in their motion to dismiss that these procedural rules were adequate to support application of the

6

procedural default doctrine. *See* Motion to Dismiss, pp. 27-30. Nika, in turn, argues that these procedural rules were inadequate, because they were unclear and inconsistently applied. *See* Opposition to Motion to Dismiss, pp. 5-24.

The court finds that Nika does not demonstrate inadequacy of the state procedural rules. Moreover, to the extent Nika's argument does arguably place the adequacy of the state procedural rules at issue, so as to shift the burden to respondents, respondents have sufficiently shown the adequacy of the state procedural rules. *See* Motion to Dismiss, pp. 27-30; Reply to Opposition to Motion to Dismiss, pp. 6-12.

With respect to NRS 34.810, which sets forth Nevada's rules regarding successive petitions, while there are Ninth Circuit Court of Appeals cases holding those rules inadequate -- *see Valerio v. Crawford*, 306 F.3d 742 (9th Cir. 2002), *Petrocelli v. Angelone*, 248 F.3d 877 (9th Cir. 2001), and *McKenna v. McDaniel*, 65 F.3d 1483, (9th Cir. 1995) -- Nika does not make a convincing showing that those rules were inadequate during the time period at issue in this case.

With respect to NRS 34.726, the state-law statute of limitations, the Ninth Circuit Court of Appeals has repeatedly rejected the argument that the Nevada Supreme Court has inconsistently applied that statute, and has held it to be adequate to support application of the procedural default doctrine. *See Loveland v. Hatcher*, 231 F.3d 640, 642-63 (9th Cir. 2000); *Moran v. McDaniel*, 80 F.3d 1261, 1269-70 (9th Cir. 1996).

This court's rulings in this regard are informed by the United States Supreme Court's decisions in *Beard v. Kindler*, 558 U.S. 53 (2009), and *Walker v. Martin*, 562 U.S. 307 (2011), in which the Supreme Court rejected the notion that a state court's discretionary application of a procedural rule necessarily renders it an inadequate ground to bar federal review.

<u>Grounds 1A, 1C, 1D, 1E, 1F3, 1F4, 1F5, 1H, 4B, 6, 9A, 9B, 9C and 12</u>

Grounds 1A, 1C, 1D, 1E, 1F3, 1F4, 1F5, 1H, 6, 9A, 9B, 9C and 12 all include claims of ineffective assistance of Nika's trial and appellate counsel. *See* Second Amended Petition, pp. 10-13, 53-72, 78-80, 95-99, 144-50, 162-68 175-76. These claims were raised by Nika for the first time

in his second state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Respondents' Exhibit 174, pp. 19-21, 62-82, 88-90, 106-10, 112, 142-48, 165-69 (ECF No. 123-1, pp. 20-22, 63-83, 89-91, 107-11, 113, 143-49, 166-70). The Nevada Supreme Court ruled that each of these claims was procedurally barred, that Nika did not show cause and prejudice to overcome the bars, and that Nika did not show that failure to consider the claims would result in a fundamental miscarriage of justice. *See* Order of Affirmance, Respondents' Exhibit 196 (ECF No. 125-4).

In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman v. Thompson*, 501 U.S. 722, 746-47 (1991), that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 132 S.Ct. at 1319. The *Martinez* Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id*. The Ninth Circuit Court of Appeals has extended the exception to claims of ineffective assistance of direct appeal counsel. *See Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013). In light of *Martinez* and *Nguyen*, the court determines that Nika might be able to overcome the procedural default of Grounds 1A, 1C, 1D, 1E, 1F3, 1F4, 1F5, 1H, 6, 9A, 9B, 9C and 12, each of which includes a claim of ineffective assistance of either trial or direct appeal counsel. The court finds that this determination will be better resolved along with the merits of all Nika's remaining claims, after respondents file an answer and Nika files a reply. Therefore, the court will deny the motion to dismiss with respect to these claims, without prejudice to respondents asserting the procedural default defense in their answer.

In Ground 4B, Nika claims that the prosecution committed unconstitutional misconduct by preventing the defense from calling Samantha McKendall as a witness. *See* Second Amended

Petition, pp. 126-27.  This claim was raised by Nika for the first time in his second state habeas action.  *See* Petition for Writ of Habeas Corpus (Post-Conviction), Respondents' Exhibit 174, pp. 81-82 (ECF No. 123-1, pp. 82-83).  The Nevada Supreme Court ruled that this claim was procedurally barred, that Nika did not show cause and prejudice to overcome the bars, and that Nika did not show that failure to consider the claim would result in a fundamental miscarriage of justice.  *See* Order of Affirmance, Respondents' Exhibit 196 (ECF No. 125-4).

Regarding Ground 4B, Nika asserts that he can overcome the procedural default by showing that the cause of the procedural default was suppression of evidence by the State.  *See* Opposition to Motion to Dismiss, pp. 96-98.  Here too, the court finds that this determination will be better resolved along with the merits of all Nika's remaining claims, after respondents file an answer and Nika files a reply.  The court will, therefore, deny the motion to dismiss with regard to this claim as well, without prejudice to respondents asserting the procedural default defense in their answer.

Grounds 7A, 10 and 11

Grounds 7A, 10 and 11 were raised by Nika for the first time in his second state habeas action.  *See* Petition for Writ of Habeas Corpus (Post-Conviction), Respondents' Exhibit 174, pp. 170-71, 178-84 (ECF No. 123-1, pp. 171-72, 179-85).  The Nevada Supreme Court ruled that each of these claims was procedurally barred, that Nika did not show cause and prejudice to overcome the procedural bars, and that Nika did not show that failure to consider these claims would result in a fundamental miscarriage of justice.  *See* Order of Affirmance, Respondents' Exhibit 196 (ECF No. 125-4).

Grounds 7A, 10 and 11, however, do not include any claim of ineffective assistance of counsel or any claim of suppression of evidence.  *See* Second Amended Petition, pp. 151-52, 169-74 (ECF No 73, pp. 159-60, 170-75).  Nika does not make any assertion that he can show cause and prejudice, or a fundamental miscarriage of justice, to overcome the procedural default of these claims.  As to Grounds 7A, 10 and 11, therefore, respondents' motion to dismiss will be granted.  Grounds 7A, 10 and 11 will be dismissed as barred by the procedural default doctrine.

Ground 5

In Ground 5, Nika claims that his federal constitutional rights were violated as a result of admission into evidence of incriminating statements made by him in violation of the rule of *Miranda v. Arizona*, 384 U.S. 436 (1966). Nika raised this claim in his first state habeas action. *See* Second Supplemental Petition for Writ of Habeas Corpus, Respondents' Exhibit 146, pp. 21-36 (ECF No. 119-1, pp. 22-37). The state district court denied the claim (*see* Order Granting Motion to Dismiss, Respondents' Exhibit 150 (ECF No. 120-3), and the Nevada Supreme Court affirmed. *See Nika*, 124 Nev. 1272, 1291-92, 198 P.3d 839, 852-53. Respondents argue that Ground 5 was procedurally defaulted, at least in some part, *see* Motion to Dismiss, pp. 48-49, but the court finds respondents' argument in this regard to be belied by the record, as the claim was raised in Nika's first state habeas action. The motion to dismiss will be denied with respect to Ground 5.

Ground 8

In Ground 8, Nika claims that his constitutional rights were violated as a result of the trial court's *ex parte* contacts with the prosecution regarding witness Nathanial Wilson. *See* Second Amended Petition, pp. 128-43, 160-61 (ECF No 73, pp. 136-51, 168-69). Respondents argue that this claim was first raised by Nika in his second state habeas action (*see* Petition for Writ of Habeas Corpus (Post-Conviction), Respondents' Exhibit 174, pp. 140-41 (ECF No. 123-1, pp. 141-42)), but that, in that case, the Nevada Supreme Court ruled it barred by the law of the case doctrine, rendering it barred, as procedurally defaulted, in this federal action. However, the court finds that this claim was raised and resolved on its merits in state court -- thus, the application of the law of the case doctrine in Nika's second state habeas action. To the extent that the state supreme court applied the law of the case doctrine, such a rule does not give rise to a procedural default. *See Cone v. Bell*, 556 U.S. 449, 466 (2009) ("When a state court declines to review the merits of a petitioner's claim on the ground that it has done so already, it creates no bar to federal habeas review ."). The motion to dismiss will be denied with respect to Ground 8.

Grounds 7C, 7E, 7F and 7G

Grounds 7C, 7E, 7F and 7G are claims that Nika's federal constitutional rights were violated on account of the manner in which the trial court instructed the jury. *See* Second Amended Petition, pp. 153-55, 157-59 (ECF No 73, pp. 161-63, 165-67). These claims were raised by Nika for the first time in his first state habeas action. *See* Second Supplemental Petition for Writ of Habeas Corpus, Respondents' Exhibit 146, pp. 62-65, 134-37, 157-59 (ECF No. 119-1, pp. 63-66, 135-38, 157-59).

With regard to the claims now designated Grounds 7C, 7E and 7G, the Nevada Supreme Court ruled as follows:

> These claims are procedurally barred absent a demonstration of good cause for failing to raise them previously and prejudice, which we conclude Nika failed to show. *See* NRS 34.810(1)(b)(2). Nor did Nika adequately substantiate his argument that the denial of these claims on procedural grounds "would result in a fundamental miscarriage of justice." *See Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Consequently, we conclude that the district court did not err by summarily dismissing these claims.

*Nika*, 124 Nev. 1272, 1300 n. 126, 198 P.3d 839, 858 n. 126. And, similarly, with respect to the claim now designated Ground 7F, the Nevada Supreme Court ruled as follows:

> To the extent Nika argued that the district court erred by giving the executive clemency instruction, this claim was appropriate for direct appeal, and we conclude that he failed to demonstrate good cause for his failure to raise it previously or prejudice. *See* NRS 34.810(1)(b).

*Id.*, 124 Nev. at 1294 n. 100, 198 P.3d at 854 n. 100.

The Nevada Supreme Court, therefore, applied NRS 34.810, in a manner independent of federal law, and ruled these claims procedurally barred. Nika does not show cause and prejudice to overcome his procedural default with respect to these claims, or a fundamental miscarriage of justice. The court will grant respondents' motion to dismiss with regard to Grounds 7C, 7E, 7F and 7G; those claims will be dismissed as barred by the procedural default doctrine.

Grounds 7H and 13

Grounds 7H and 13 are cumulative error claims. In Ground 7H, Nika claims that his constitutional rights were violated as a result of the cumulative effect of the trial court's errors with

respect to jury instructions.  *See* Second Amended Petition, p. 159.  And, in Ground 13, Nika claims that his constitutional rights were violated due to the cumulative effect of "errors in the admission of evidence and instructions, gross misconduct by state officials and witnesses, and the systematic deprivation of [his] right to the effective assistance of counsel."  *Id*. at 177-78.

Respondents move to dismiss these claims as procedurally defaulted.  *See* Motion to Dismiss, pp. 54-55, 60.  The court, however, determines that dismissal of these claims on procedural default grounds at this point would be improper.  To the extent Nika can show his underlying claims to be procedurally viable, he may have procedurally viable cumulative error claims.

The court will deny respondents' motion to dismiss with regard to Grounds 7H and 13, without prejudice to respondents reasserting their procedural default defense in their answer.

<u>Cognizability of Ground 6</u>

Regarding Ground 6 -- Nika's claims based on the Vienna Convention -- respondents argue the claim is not cognizable in this federal habeas action because the United States Supreme Court has not clearly established that the Vienna Convention creates individually enforceable rights.  *See* Motion to Dismiss, pp. 50-51.  The court determines that this issue will be better resolved along with the merits of the claim, and all Nika's remaining claims, after respondents file an answer and Nika files a reply.  The court will deny respondents' motion to dismiss with respect to Ground 6, without prejudice to respondents reasserting their argument that Ground 6 is not cognizable.

<u>Nika's Motions for Leave to Conduct Discovery and for Evidentiary Hearing</u>

In his motion for leave to conduct discovery, Nika requests leave of court to conduct discovery in support of his arguments that he can overcome his procedural defaults of Grounds 1A, 1C and 12 under *Martinez*, and that he can overcome his procedural default of Ground 4B because of the State's alleged suppression of evidence.  *See* Motion for Discovery (ECF No. 137), pp. 7-13, 23-28, 39-47.  Nika also requests leave of court to conduct discovery regarding Grounds 5 and 9B.  *See id*. at 47-49.  As is discussed above, however, the court denies respondents' motion to dismiss Grounds 1A, 1C, 4B, 5, 9B and 12, without need for further factual development.  Nika also requests

leave of court to conduct discovery regarding the merits of 1B1, 1B2, 1B4, 1F1, 1F2, 1G, 4A and 14. *See id*. at 13-22, 29-39, 41-47, 50-56. However, respondents' motion to dismiss does not seek dismissal of these claims. Nika's motion for leave to conduct discovery concerning these claims is premature. Therefore, the court will deny Nika's motion for leave to conduct discovery, without prejudice to him requesting discovery at the appropriate time in conjunction with the further briefing of the merits of his remaining claims.

In his motion for evidentiary hearing, Nika requests an evidentiary hearing regarding the question whether he can overcome his procedural defaults as a result of alleged ineffective assistance of his initial state post-conviction counsel. *See* Motion for Evidentiary Hearing (ECF No. 133), pp. 3-5. Apparently, Nika seeks an evidentiary hearing, in this regard, relative to the motion to dismiss Grounds 1A, 1C, 1D, 1E, 6 and 12. *See id*. at 5, lines 8-10. Nika also requests an evidentiary hearing relative to the motion to dismiss Ground 4B. *See id*. at 5, lines 12-15. As is discussed above, however, the court denies respondents' motion to dismiss Grounds 1A, 1C, 1D, 1E, 4B, 6 and 12 without need for an evidentiary hearing. The court will, therefore, deny Nika's motion for evidentiary hearing, without prejudice to him requesting an evidentiary hearing at the appropriate time in conjunction with the further briefing of the merits of his remaining claims.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss Second Amended Petition for Writ of Habeas Corpus (ECF No. 95) is **GRANTED IN PART AND DENIED IN PART**. The following claims in petitioner's second amended habeas corpus petition (ECF No. 73) are dismissed: Grounds 7A, 7C, 7E, 7F, 7G, 10 and 11. In all other respects, the motion to dismiss is denied.

**IT IS FURTHER ORDERED** that petitioner's Motion for an Evidentiary Hearing (ECF No. 133) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Conduct Discovery (ECF No. 137) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall file an answer within **90 days** from the entry of this order, responding to the remaining claims in petitioner's second amended habeas corpus petition (ECF No. 73), which are Grounds 1A, 1B1, 1B2, 1B4, 1C, 1D, 1E, 1F1, 1F2, 1F3, 1F4, 1F5, 1F6, 1F7, 1G, 1H, 2, 3, 4A, 4B, 5, 6, 7B, 7D, 7H, 8, 9A, 9B, 9C, 12, 13 and 14.

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered June 18, 2015 (ECF No. 68) shall remain in effect.

Dated March 16, 2017.

                                                              UNITED STATES DISTRICT JUDGE