UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AVRAM VINETO NIKA,

    Petitioner,
    v.

WILLIAM GITTERE, *et al.*,

    Respondents.

Case No. 3:09-cv-00178-JCM-WGC

**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO ALTER OR AMEND JUDGMENT (ECF NO. 189)**

In this capital habeas corpus action, on June 12, 2019, the Court granted in part and denied in part Avram Vineto Nika's habeas petition, and judgment was entered accordingly. *See* Order entered June 12, 2019 (ECF No. 186); Judgment (ECF No. 187). The Court granted Nika relief relative to the penalty phase of his trial, with respect to his claims in Grounds 1G, 6 (the ineffective assistance of trial counsel claim in Ground 6, as to the penalty phase of his trial), and 7B of his Second Amended Petition for Writ of Habeas Corpus (ECF No. 73); the Court denied Petitioner relief on all other claims. *See id.*

On July 9, 2019, Nika filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) (ECF No. 189). Respondents filed an opposition to that motion on September 5, 2019 (ECF No. 196). Nika filed a reply in support of the motion on September 17, 2019 (ECF No. 199).

Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255,

1

1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.*

In his motion to alter or amend judgment, Nika seeks reconsideration with respect to two issues raised by Ground 2 of his second amended habeas petition. *See* Motion to Alter or Amend Judgment (ECF No. 189). First, Nika contends that between 1992 and 2000, Nevada's murder statute, as represented by the so-called *Kazalyn* jury instruction, was unconstitutionally vague and overbroad. *See id.* at 2-8. And, second, Nika contends that, under the federal constitution, the Nevada Supreme Court's ruling in *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), must be applied retroactively. *See id.* at 8-12. The Court has considered these arguments and determines that Nika has not shown cause for the Court to reconsider the rulings on these issues in the June 12, 2019, order and judgment.

Regarding both issues, Nika made similar arguments in his petition and reply, and, to the extent that he did not, he has made no showing of any reason why he could not have. A motion for reconsideration under Rule 59(e) is not a vehicle for a party simply to assert expanded or refined arguments after judgment is entered. At any rate, the Court determines that Nika's first argument – that Nevada's murder statute was unconstitutionally vague and overbroad between 1992 and 2000 – is procedurally defaulted, and, if not procedurally defaulted, the Nevada Supreme Court's rejection of the argument was not unreasonable. And Nika's second argument fails because he does not show that federal constitutional principles require that *Byford* be applied retroactively. For these reasons, the Court will deny Nika's motion to the extent he requests alteration or amendment of the judgment to grant him relief on Ground 2, relative to the guilt phase of his trial.

However, the Court does determine that Nika has made a sufficient showing such that under 28 U.S.C. § 2253(c), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability is warranted as to these issues. The Court will, therefore,

grant Nika's motion to the extent that the certificate of appealability granted by this Court will be expanded to include Ground 2 of his second amended habeas petition.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Alter or Amend Judgment (ECF No. 189) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent that the judgment in this action shall be amended to grant Petitioner a certificate of appealability with respect to Ground 2 of his Second Amended Petition for Writ of Habeas Corpus (ECF No. 73). In all other respects, the motion is denied.

**IT IS FURTHER ORDERED** that The Clerk of the Court is directed to enter an Amended Judgment, as follows:

> IT IS ORDERED AND ADJUDGED that the Petitioner's Second Amended Petition for Writ of Habeas Corpus (ECF No. 73) is GRANTED IN PART AND DENIED IN PART. Petitioner is granted relief relative to the penalty phase of his trial, as described below, with respect to his claims in Grounds 1G, 6 (the ineffective assistance of trial counsel claim in Ground 6, as to the penalty phase of his trial), and 7B. Petitioner is denied relief on all other claims in his second amended habeas petition.

> IT IS FURTHER ORDERED AND ADJUDGED that Respondents shall either (1) within 60 days from the date of this order, vacate Petitioner's death sentence and impose upon him a non-capital sentence, consistent with law, or (2) within 60 days from the date of this order, file a notice of the State's intent to grant Petitioner a new penalty-phase trial, and, within 180 days from the date of this order, commence jury selection in the new penalty-phase trial.

> IT IS FURTHER ORDERED AND ADJUDGED that Petitioner's Motion for Discovery (ECF No. 166) and Motion for Evidentiary Hearing (ECF No. 168) are DENIED.

> IT IS FURTHER ORDERED AND ADJUDGED that Petitioner is granted a certificate of appealability with respect to his claims in Grounds 1C, 2, 3, 4A and 5 of his Second Amended Petition for Writ of Habeas Corpus (ECF No. 73). With respect to all other claims in Nika's second amended habeas petition on which the Court denies relief, the Court denies a certificate of appealability.

///

///

///

///

IT IS FURTHER ORDERED AND ADJUDGED that the judgment in this action will be stayed pending the conclusion of any appellate or certiorari review in the Ninth Circuit Court of Appeals or the United States Supreme Court, or the expiration of the time for seeking such appellate or certiorari review, whichever occurs later.

IT IS FURTHER ORDERED AND ADJUDGED that judgment is hereby entered accordingly.

DATED October 3, 2019.

*[signature]*

JAMES C. MAHAN,
UNITED STATES DISTRICT JUDGE