UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AVRAM VINETO NIKA,

    Petitioner,

    v.

WILLIAM GITTERE, *et al.*,

    Respondents.

Case No. 3:09-cv-00178-JCM-WGC

**ORDER**

In this capital habeas corpus action, on June 12, 2019, the Court granted, in part, Avram Vineto Nika's habeas petition, and judgment was entered accordingly. *See* Order entered June 12, 2019 (ECF No. 186); Judgment (ECF No. 187). The Court granted Nika relief relative to the penalty phase of his trial. *See id*. Nika filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) (ECF No. 189), and the Court granted that motion, in part, and expanded the certificate of appealability. *See* Order entered October 4, 2019 (ECF No. 200); Amended Judgment (ECF No. 201).

The Court's Amended Judgment stated, in part:

> IT IS FURTHER ORDERED AND ADJUDGED that Respondents shall either (1) within 60 days from the date of this order, vacate Petitioner's death sentence and impose upon him a non-capital sentence, consistent with law, or (2) within 60 days from the date of this order, file a notice of the State's intent to grant Petitioner a new penalty-phase trial, and, within 180 days from the date of this order, commence jury selection in the new penalty-phase trial.
>
>     \*    \*    \*
>
> IT IS FURTHER ORDERED AND ADJUDGED that the judgment in this action will be stayed pending the conclusion of any appellate or certiorari review in the Ninth Circuit Court of Appeals or the United States Supreme Court, or the expiration of the time for seeking such appellate or certiorari review, whichever occurs later.

Amended Judgment (ECF No. 201).

The respondents did not appeal. Nika, however, did appeal the denial of relief on certain of his claims. On September 15, 2022, the Ninth Circuit Court of Appeals affirmed. *See* Memorandum (ECF No. 206). On December 20, 2022, the Court of Appeals denied panel rehearing and rehearing en banc. *See* Order entered December 20, 2022 (ECF No. 208).

Nika then had until March 20, 2023, to file a petition for writ of certiorari before the United States Supreme Court (*see* U.S. Sup. Ct. R. 13) but did not file a petition for writ of certiorari.

Therefore, the time for Respondents to comply with the judgment began running on March 20, 2023. Respondents then had 60 days—until May 19, 2023—to either vacate Petitioner's death sentence and impose upon him a non-capital sentence consistent with law or file a notice of the State's intent to grant Petitioner a new penalty-phase trial. And, Respondents then had 180 days—until September 16, 2023—to commence jury selection in a new penalty-phase trial.

On May 16, 2023, the parties filed a stipulation (ECF Nos. 211, 213 (corrected stipulation), 215 (further corrected stipulation)), agreeing to extend by 60 days the time for Respondents to comply with the judgment. The parties stated in that stipulation that they, along with the Washoe County District Attorney's Office, were in discussions regarding potential resolution of the case, but they required more time to complete those discussions. The Court found that there was good cause for the extension of time requested by the parties and approved the stipulation on May 19, 2023, extending the time for compliance with the amended judgment (ECF No. 216).

On July 18, 2023, the parties filed a stipulation (ECF Nos. 217, 219 (corrected stipulation)) requesting a second extension of the time, of 30 days, for compliance with the judgment. The parties stated in the stipulation that they, and the Washoe County District Attorney's Office, were still in discussions concerning potential resolution of the case and that they required an additional 30 days to complete the discussions. The

Court approved that second stipulated extension of time (ECF No. 220). Respondents then had until August 17, 2023, to either vacate Petitioner's death sentence and impose upon him a non-capital sentence consistent with law or file a notice of the State's intent to grant Petitioner a new penalty-phase trial, and the Respondents then had until December 15, 2023, to commence jury selection in a new penalty-phase trial.

On August 17, 2023, the parties filed a stipulation (ECF No. 221) requesting a third extension of the time, of 120 days, for compliance with the judgment. The parties stated in the stipulation that they, along with the Washoe County District Attorney's Office, were still in discussions concerning potential resolution of the case and that counsel had not yet been appointed for Nika for a new penalty phase trial, and that they needed more time "[i]n order to provide the prosecution and any future-appointed defense counsel an opportunity to continue negotiations and/or to hold a new sentencing or penalty hearing." Stipulation (ECF No. 221) at 2. The Court approved that extension of time (ECF No. 222). Respondents then had until December 15, 2023, to either vacate Petitioner's death sentence and impose upon him a non-capital sentence consistent with law or file a notice of the State's intent to grant Petitioner a new penalty-phase trial, and the Respondents then had until April 5, 2024, to commence jury selection in a new penalty-phase trial.

On December 12, 2023, the parties filed a stipulation (ECF No. 223) requesting a fourth extension of the time, of 120 days, for compliance with the judgment. The parties state in the stipulation that they, along with the Washoe County District Attorney's Office, are still in discussions concerning potential resolution of the case, and that counsel has now been appointed for Nika for a new penalty phase trial. Stipulation (ECF No. 223) at 2. The parties continue: "Given the recent appointment of new counsel, pending negotiations, and either entry of the new sentence or a decision to pursue a new penalty hearing, the parties ask this Court to extend the judgment deadline by one-hundred twenty-six (126) days." *Id*. at 3.

**IT IS THEREFORE HEREBY ORDERED** that the stipulation of the parties (ECF No. 223) is **APPROVED**. The time for Respondents to comply with the judgment is extended. Respondents will have until and including **April 19, 2024**, to either vacate Petitioner's death sentence and impose upon him a non-capital sentence consistent with law or file a notice of the State's intent to grant Petitioner a new penalty-phase trial, and the Respondents will have until and including **August 9, 2024**, to commence jury selection in a new penalty-phase trial.

DATED December 18, 2023.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE